IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES BROADHEAD, AIS #224802,      :

     Plaintiff,            :

vs.                          :    CIVIL ACTION 12-0003-WS-N

R. HOWARD, et al.,            :

     Defendants.         :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se, was referred to

the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate

action.  Along with his § 1983 complaint, plaintiff filed a motion to proceed without prepayment

of fees.  After reviewing these filings, it is recommended that this action be dismissed without

prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under this
> section [28 U.S.C. § 1915] if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of
> serious physical injury.

Because plaintiff is seeking leave to proceed in forma pauperis and is known as a "three-

striker," the Court reviewed the records of the United States District Court for the Southern,

Middle, and Northern Districts of Alabama to verify that he has three or more in forma pauperis

actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which

relief can be granted.  From those dockets the Court discovered plaintiff has had at least three actions dismissed for these reasons, namely, Broadhead v. Hopkins, et al., CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010); Broadhead v. McConuco, et al., CA 09-0384-CB-N (S.D. Ala. May 21, 2010); Broadhead v. Kirrie, et al., CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010); and Broadhead v. O'Brian, et al., CA 10-0475-JHH-RRA (N.D. Ala. June 22, 2010).  Thus, plaintiff's present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); see Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001).  To satisfy the exception to § 1915(g), plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.).  Plaintiff has not done this.

In reviewing the complaint (Doc. 1), the Court finds that it is absent of any allegations except for the statement that "the prison do[es] not have a grievance [system]." Id. at 4. Plaintiff identifies three people as defendants and gives a Mobile, Alabama address for each

defendant, as well as an Atmore, Alabama address for one of them.  Id. at 5-6.  The only description of  plaintiff's claim is found in his motion to proceed without prepayment of fees (doc. 2 at 1) when he gives a brief statement of the nature of his action.  He alleges that "all (4)" defendants acted under state law when they beat him "with deadly, excessive force" by using their security sticks.  Id.

Due to the lack of information and the absence of a date, the Court does not discern a claim showing that plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint.  Furthermore, plaintiff's brief allegation only reflects a past incident for which no date was given.  This past incident appears to be the same assault that he complains about in numerous prior actions.  In his other actions that contain more allegations, his description of the assault is almost identical in each action. [1]

By way of example, plaintiff's present allegation appears to be in the same vein of those allegations in Broadhead v. Langford, CA 11-0320-CG-M (S.D. Ala. Oct. 24, 2011), which was filed on June 16, 2011, and dismissed pursuant to 28 U.S.C. § 1915(g).  (Doc. 1).  Those allegations are: he was beaten by four correctional officers at Holman Correctional Facility with security sticks (the four officers are different in each action), his arm was broken in three places, staples were needed in his head, three or four teeth were knocked out, his testicles were kicked

---

[1]  In Broadhead v. Kirrie, et al., CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010), the magistrate judge recommended dismissal of the action because "[a]lthough on its face the plaintiff's complaint would appear to state a cognizable claim of excessive force that could survive the initial screening process, a review of other recent actions filed by the plaintiff indicates that his allegations are fanciful and therefore frivolous."  Doc. 10 at 2.  The court went on to observe that the claim and injuries are nearly identical to those in numerous other cases brought by the plaintiff and proceeded to list them, namely, Northern District case numbers: 10-439, 10-806, 10-1028, 10-1141, 10-1142, 10-53, 10-54, 10-113, 10-350, 10-388, 10-751, 09-2473, 09-2473, 09-2512, and 09-2606, and Southern District case numbers: 10-241, 10-12, and 10-129.  Id. at n.3.  The court found that the assault and injuries remained the same in these actions, but the defendants, date of assault, location, and number of blows that were inflicted changed.  Id. at 3-4.

so he would not be able to rape another lady, and he was hit with security sticks 879 times in the prior action.[2]  (Id. at 4).

Considering plaintiff's present allegation, the Court finds that plaintiff does not show that he was under "imminent danger of serious physical injury" at the time of filing.  Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 17th day of January, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Fifty-six cases are listed in Public Access to Court Electronic Records ("PACER") as having been filed by plaintiff.  This Court did not review all the actions, but only those he filed in this Court.  As of this date, plaintiff has filed twenty-three actions from 2010 to 2012 in this Court.  Except for one action, which is void of allegations that would constitute a claim, namely, 10-0678-CB-M, his remaining twenty-two actions, including the present action, contain an excessive force claim that is virtually identical in every action.  See 10-0012-WS-C, 10-0129-KD-B, 10-0241-CG-C, 10-0278-KD-M, 10-0506-WS-M, 10-0618-CG-C, 10-0323-CB-B, 10-0386-CG-C, 10-0398-CB-C, 10-0416-KD-N, 10-0542-WS-C, 10-0662-KD-B, 11-0107-WS-C, 11-0167-CG-B, 11-0320-CG-M, 11-0321-KD-M, 11-0494-CG-M, 11-0456-CG-B, 11-0605-CG-M, 11-0656-KD-C, 11-0723-CG-M, and 12-0003-WS-N.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.  **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).